OWEN, Judge.
The defendant was charged in a three-count information with (I) robbery, (II) use of a firearm while committing a felony and (III) assault with intent to commit a felony. He entered a plea of not guilty, was tried before a jury, and found guilty of the offenses charged in Counts I and II of the information, and guilty of aggravated assault as to Count III. Pursuant to the jury verdict the defendant was adjudicated guilty and sentenced by the trial court. Following the denial of his motion for a new trial the defendant took this appeal.
Three grounds are set forth by the defendant as a basis for his entitlement to a new trial. In view of our disposition of the first point, a matter of substance, it is unnecessary for us to consider the alleged procedural errors upon which the defendant also relies for the reversal of his judgment and sentence.
The offenses with which the defendant was charged arose out of a robbery which took place on December 1, 1969. On that same night, and in the same general area, two other robberies also occurred. The manner in which each robbery was carried out was strikingly similar to the others. It was probably for this reason that the Orange County Sheriff’s Department assigned Officer Raymond Larkins to investigate all three of the robberies. As a result of his investigation, Officer Larkins learned the license number of an automobile allegedly used in one of the other robberies on the night in question. Knowing this number, Larkins was able to learn by phone from a clerk in Lake County the name of the owner of the vehicle for which the license number had been issued. It was discovered that the automobile in question was owned by Audrey M. Warren, who, at the time of the trial in this case was married to the defendant.
At trial Officer Larkins testified for the state concerning his investigation of the three robberies. At one point he was asked by the prosecutor:
“From your investigation, could you determine the ownership of the vehicle which was used in one of these robberies ?”
Officer Larkins responded affirmatively, and went on to explain that the car was owned by the defendant’s wife.
During a proffer of Officer Larkins’ testimony the defendant’s counsel strenuously objected to portions of it, claiming it to be hearsay. An analysis of the substance of the testimony reveals that the defendant’s objection was well-founded. Officer Lar-kins’ testimony was grounded upon infor *717 mation from two unidentified sources. First, someone, unnamed at trial, had given him the license number of an automobile observed at the scene of one of the robberies. Secondly, he was told by someone else, again unnamed, that the car to which the license number was assigned was owned by the defendant’s wife. Clearly, Officer Larkins had no personal knowledge of the facts about which he testified. What is more important is the fact that the defendant was deprived of the oportunity to cross examine the witnesses upon whose information Larkins’ testimony was based. The right of a criminal defendant to confront witnesses against him is too fundamental to require elaboration.
The admission, over his objection, of this hearsay testimony was highly prejudicial to the defendant especially in view of the fact that he had attempted to establish an alibi defense. By allowing Officer Lar-kins to assert as truth the out-of-court statements of third persons, the credibility of those unidentified persons was elevated to an equal plane with the in-court testimony of the defendant’s alibi witnesses. The state did not produce at trial the witnesses upon whose information Officer Larkins’ testimony was based. Thus, the defendant was deprived of an opportunity to challenge the competency and reliability of those unidentified witnesses. The state argues that the ownership of the automobile was a matter of public record and was not prejudicial to the defendant. If we assume this to be true, the hearsay testimony of Officer Larkins concerning the sighting of the defendant’s automobile at the scene of a robbery other than the one with which he was charged still remains an error too obvious to be overlooked.
For the reasons stated, the judgment and sentence of the trial court are reversed and the cause remanded for a new trial.
Reversed and remanded.
REED, C. J., and CROSS, L, concur.