PER CURIAM.
Defendant was convicted of grand larceny through the use of circumstantial evidence, some of which was hearsay. He appeals. We reverse.
The intricacies of the accounting proofs and relative contentions are well known to the state and the defendant via their respective briefs. It would serve no worthwhile purpose to extend this opinion by recounting them. Suffice it to say the bulk of the incriminating testimony offered by the company president, Mr. Sheldon Fleming, was hearsay without which there would be a manifest insufficiency of evidence. Webb v. State, Fla.App.1971, 253 So.2d 715.
Secondly, even with use of the hearsay, the circumstantial evidence such as it was does not exclude every reasonable hypothesis except guilt. 13 Fla.Jur., Evidence, § 435 (1957); Williams v. State, Fla.App. 1968, 206 So.2d 446; Lockett v. State, Fla. App.1972, 262 So.2d 253. Thus, the proofs are not sufficient to sustain defendant’s conviction.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN, CROSS and OWEN, JJ., concur.