214 So.2d 653 (1968)
Ira DOUGLAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-1084.
District Court of Appeal of Florida. Third District.
October 15, 1968.
*654 Robert L. Koeppel, Public Defender, and Herbert M. Klein and Jeffrey Michael Cohen, Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The appellant, Ira Douglas, was charged in a three count information with the following offenses: (1) breaking and entering a dwelling house and assaulting a person therein; (2) robbery; (3) assault with intent to commit murder in the first decree with other than a firearm. He was tried before the court and found guilty on counts (1) and (2) and not guilty on count (3). The only question to be determined on this appeal is whether the evidence was sufficient to establish the appellant's participation as a principal in the two crimes of which he was found guilty. On this appeal we must view the evidence and all inferences we may reasonably draw therefrom in the light most favorable to the conclusion of the trier of fact,[1] but we must require that the evidence so viewed establish beyond a reasonable doubt the participation of the accused in the crimes charged.[2] We hold that the evidence fails to establish beyond a reasonable doubt participation of the appellant in the crimes of which he was convicted, and we reverse those convictions.
Douglas and one John Sands worked at the same place of business. On the morning of the crime they met at that place of business but did not work because the truck on which they worked had already left. John Sands was intoxicated (he had been using marijuana). He invited Douglas to ride in his car, and Douglas accepted. Sands drove to the house of the victim. Douglas remained in the passenger seat of the car, but Sands went into the house and assaulted and robbed the victim. She scuffled with Sands and bit his hand; she ran out of the house and into the middle of the street. Sands also ran out of the house and told Douglas to drive the car. He then told Douglas to run over the victim. Within 15 minutes the police apprehended Sands and Douglas. The victim's money was found on the person of Sands.
At the trial Sands pleaded guilty to the breaking and entering and the robbery. The trial court found Douglas not guilty of the attempt to run the victim down.
We think the following cases require reversal of Douglas' convictions: Gilday v. State, Fla.App. 1964, 168 So.2d 205; Espinoza v. State, Fla.App. 1966, 183 So.2d 560; Williams v. State, Fla.App. 1968, 206 So.2d 446. The substantial holding of these cases is that before an accused may be convicted as an aider and abettor under § 776.011, Fla. Stat.,[3] F.S.A., his intent to participate *655 in the crime must be proved. While this intent may be proved in many ways, it cannot be based entirely upon circumstances unless those circumstances exclude the reasonable doubt engendered by appellant's explanation of his presence at the time and place of the commission of the crime. See Jones v. State, Fla.App. 1966, 192 So.2d 285.
In the present instance the trial court found Douglas not guilty of attempting to participate in the crime by running the car into the victim. Douglas' presence in the passenger seat of the car does not indicate he was employed as a get-away driver. His driving of the car upon request of the actual perpetrator of the assault and robbery is not sufficient proof of his intent to participate in those crimes.
The evidence presented to the trial judge might have been sufficient to prove Douglas guilty of aiding the perpetrator of a crime after the crime had been committed. There is reason to believe that when the victim came screaming from the house and stood in the street, Douglas knew something unlawful was transpiring. He knew that Sands was intoxicated and unreliable. When Douglas aided Sands in Sands' flight under these circumstances, Douglas might have been an accessory after the fact in violation of § 776.03, Fla. Stat., F.S.A. But the offense of being an accessory after the fact, § 776.03, was not included in the accusatory pleading and therefore, the appellant could not have been sentenced under § 776.03. See Brown v. State, Fla. 1968, 206 So.2d 377, 383, where the Supreme Court said:
"In all of these `major and minor' offense situations we are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted. Fla. Const.Dec. of Rights, § 11; Robinson v. State, 69 Fla. 521, 68 So. 649, L.R.A. 1915E, 1215 (1915). In the first three categories, the offenses of which the defendant may be convicted can be determined from the information or indictment and the cited statutes. In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof."
Reversed with directions to discharge the appellant.
SWANN, Judge (dissenting).
I respectfully dissent. The trier of facts resolved the conflicting evidence against the defendant Douglas and his judgment comes to the appellate court with a presumption of correctness.
I think that the circumstances here were sufficient to exclude any reasonable doubt of the defendant's guilt. There is evidence in the record sufficiently substantial and competent to sustain his conviction as an aider and abettor under Fla. Stat. § 776.011, F.S.A.
NOTES
[1] Mangel v. State, Fla.App. 1965, 179 So.2d 888.
[2] McDonald v. State, 56 Fla. 74, 47 So. 485 (1908).
[3] "§ 776.011. Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."