PER CURIAM.
The appellant with two co-defendants was charged by information with breaking and entering a building with intent to commit a felony therein, to-wit: grand larceny and grand larceny. One of the defendants pleaded guilty to breaking and entering a building with intent to commit a misdemeanor, to-wit: petit larceny and petit larceny. Appellant was tried without a jury and was convicted of the latter offenses. Thereupon he filed this appeal upon which he seeks reversal on the contention that the evidence was insufficient to sustain the conviction.
Appellant argues it was not shown that he knowingly participated in the offense committed by the co-defendants. Appellant was asked by the others, who were in possession of a car they could not drive, to drive them to a certain location. There was evidence from a statement by appellant to a police officer that he was aware that the parties he drove were breaking into a building. As instructed by them, he waited in the car while they proceeded. When a police car pulled up behind him the appellant started to drive away, an act which he said he did “to save himself.” Douglas v. State, Fla.App.1968, 214 So.2d 653, relied on by the appellant is not applicable here, as the record sufficiently shows intent of the appellant to participate. In our opinion the judgment of conviction has sufficient evidentiary support in the record.
Affirmed.