262 So.2d 253 (1972)
Johnnell LOCKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 71-34.
District Court of Appeal of Florida, Fourth District.
May 12, 1972.
Walter N. Colbath, Jr., Public Defender, and Norman J. Kapner, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of breaking and entering a dwelling house with intent to commit a felony, to-wit: grand larceny, and on this direct appeal challenges the sufficiency of the evidence to sustain the conviction. We find this point to have merit and reverse.
*254 Eyewitnesses identified appellant as the person who was seated in the driver's seat of an automobile parked on the street adjacent to the Entwistle residence, while an unidentified youth was seen to walk from the side door of that house to the automobile carrying a portable television set and two shot guns or rifles, and to load the same into the parked car. The eyewitnesses having then left the area to report the matter to the police, did not see the car being driven away and, of course, they did not know who had driven the car to the crime scene. The police broadcast a bolo alert and on the basis of the description an officer located the appellant's car some 20 minutes later with appellant driving and a male and two female companions in the car. Other evidence established that the Entwistle home had been broken into that day, with the television and guns apparently stolen.
Despite appellant's alibi, the evidence was certainly sufficient to establish (1) that it was appellant whom the witnesses saw seated in the car parked by the Entwistle home, and (2) that the unidentified youth seen loading the television set and guns into appellant's car was guilty of breaking and entering a dwelling house with intent to commit grand larceny. However, upon this evidence, appellant's guilt (of the crime charged) would necessarily depend upon a showing of aiding and abetting under Section 776.011, F.S., F.S.A., which requires proof of his intent to participate. Williams v. State, Fla.App. 1968, 206 So.2d 446; Douglas v. State, Fla.App. 1968, 214 So.2d 653.
Intent may be, and in fact usually is, shown largely by circumstantial evidence, but if the proof of intent rests solely upon circumstantial evidence (as it does here) the proof must be not only consistent with the guilt of the accused, but also inconsistent with any other reasonable hypothesis. Broadnax v. State, Fla. 1952, 57 So.2d 651 and Williams v. State, supra. The circumstances of appellant sitting in his car parked outside the Entwistle residence while stolen personal property is being loaded into the car is unquestionably consistent with guilt. Yet, it is not wholly inconsistent with a reasonable hypothesis other than guilt (of the offense charged). For example, such circumstances are not inconsistent with the hypothesis that appellant drove his car to the Entwistle residence at the request of his companion who gave a legitimate purpose as a pretext, and only after the companion emerged from the residence carrying the stolen personal property did appellant become aware of his companion's real purpose.
For the reasons stated and upon the authority of the cases cited, the judgment and sentence are severally reversed and this cause remanded for a new trial.
REED, C.J., and WALDEN and OWEN, JJ., concur.