OWEN, Judge.
. Appellant was convicted of robbery. We conclude that the evidence was insufficient to sustain the conviction and that his motion for judgment of acquittal at the close of the State’s case should have been granted.
Two men robbed the manager of a convenience store in Broward County, and fled the scene with the stolen money. A short time later, in the vicinity of the robbery, a vehicle driven by appellant and occupied by two other men was stopped by the police for a traffic violation. At that time the police had been alerted to the robbery and when the occupants of the stopped car got out the police noted that one of them matched the description given of the robbers. The victim was brought to the scene and identified one of the passengers as one of the robbers. A search of the car revealed a gun and money under the driver’s seat. Appellant’s statement to the officers after his arrest was to the effect that he and the other two had been driving around and that he had let them off at the convenience store and when they returned to the car it was the first time that he realized that his companions were involved in a robbery. Both of the occupants of the car had given statements admitting their own participation in the robbery but neither one was inculpatory of appellant.
*840 For reasons which we explained in Lockett v. State, 262 So.2d 253 (4th DCA Fla. 1972), the State cannot convict Posey of robbery on no more evidence than this. He should have been charged, if at all, as an accessory after the fact under Fla.Stat. § 776.03 (1973).
The judgment and sentence is reversed and this cause remanded with directions that appellant be discharged.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.