UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerome E. MARTIN and Murkel B.
Coppins, Defendants-Appellants.

No. 75–4429
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 11, 1976.

Arthur Massey, Miami, Fla. (Court-appointed), for Martin.

Thomas F. Almon, Miami, Fla. (Court-appointed), for Coppins.

Robert W. Rust, U. S. Atty., R. Jerome Sanford, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York*, 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Jerome E. Martin and Murkel B. Coppins have appealed in this case from their convictions after a jury trial for possession with intent to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Martin argues on appeal that the evidence established that he was entrapped as a matter of law and that the prosecutor's comment in closing argument deprived him of a fair trial. Coppins asserts that the evidence against him was insufficient to support a conviction, and he raises the same point about the prosecutor's comment. For the reasons stated below, we reject both defendants' arguments and affirm the convictions.

I. Martin's Appeal

*1. Entrapment.*—In support of his claim of entrapment as a matter of law, Martin relies on evidence tending to show that he initially refused to become involved with Government Agent Beverly, and that he finally agreed to procure the cocaine only after several calls from the agent. He also places great weight on his own testimony at trial that Beverly introduced himself to Martin as a police officer and asked Martin to cooperate with the police in apprehending drug dealers that lived in Martin's apartment complex. This testimony was not uncontradicted, however. Agent Beverly testified that he was introduced to Martin as a musician who was interested in buying some cocaine, and that it was Martin who initiated some of the telephone calls that preceded the deal. With this evidence in the record, the district court instructed the jury on the entrapment issue. In our opinion, this was correct. Entrapment exists only when the government has implanted the criminal design in the mind of the defendant; the central issue of predisposition is a fact question for the jury. *United States v. Kirk*, 5 Cir. 1976, 528 F.2d 1057.

Viewing the evidence most favorably to the Government, *Glasser v. United States*, 1964, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we cannot say that the jury's rejection of the defense rested on insufficient evidence.

*2. Prosecutor's Argument.*—In his closing argument, the prosecutor made the following statement, which forms the basis of Martin's complaint:

Mr. Massey (defense counsel) tells you that he based his defense on the report that is in evidence, this particular laboratory report. Mr. Massey knows full well that he was provided with all the detailed case reports, and he knows whose names are on the case reports.

Martin's attorney objected to this comment, but his objection was overruled. On appeal, Martin argues that this comment impermissibly shifted the burden of proof to the defendant and that it erroneously accused the defense attorney of misleading the jury. Because the jury's decision was essentially a credibility choice between Martin and Agent Beverly, Martin argues that the court's overruling of his objection was prejudicial error.[1] The Government responds to this point by noting that the jury already knew about the existence of the detailed case reports through Agent Beverly's testimony on redirect. Beverly had described the DEA–7 report, the general report that named only Martin, and had contrasted it to the DEA–6 report, the detailed description "of actually what happened, when it happened, how it happened, with whom it happened with [sic] and where the incident happened." (Tr. at 67.) The import of the prosecutor's statement is that at some time after Beverly left the stand and before the closing arguments the defense attorney received copies of the detailed DEA–6 reports. We do not understand the defense to deny this fact. Thus, the Government was seeking only to refute the defense's assertion in its closing jury argument that

---

1. Actually, the defense attorney said only "Your Honor, that is not a true statement. That is discovery material and he is talking about Jencks right before he testifies." The Court responded, "I will overrule the objection." Martin's attorney never made a more specific request for a curative instruction or a mistrial. Even if he had, our disposition of this point would be the same.

the only reports that were known to it were silent as to Coppins' association with the drugs. The prosecutor's remarks were a fair response to the defense counsel's statement, and as such were not impermissibly prejudicial. *See United States v. Milne*, 5 Cir. 1974, 498 F.2d 329; *United States v. Yaughn*, 5 Cir. 1974, 493 F.2d 441. We therefore find no reason to reverse on this ground.

II. Coppins Appeal

■ *1. Sufficiency of Evidence.*—Coppins argues that the only evidence relating to him was Agent Beverly's testimony that Beverly conducted two narcotics transactions with Martin in Coppins' automobile, with Coppins present. Mere presence, he correctly points out, is not sufficient to sustain a conviction. *E. g. United States v. James*, 5 Cir. 1976, 528 F.2d 999, 1013. The evidence viewed in the light most favorable to the Government showed more than mere presence, however. On May 15, 1975, the date of the first transaction, shortly after Agent Beverly was informed by Martin that a "connection" who had the cocaine would join them soon, Coppins drove up. When Beverly sat down in Coppins' car, he noticed the cocaine lying on the front seat. The deal was consummated in Coppins' car. The day before the second transaction, June 15, 1975, Beverly visited Coppins' apartment; Coppins asked if Beverly had been shown the sample package of cocaine. On June 16, 1975, the second transfer took place, again in Coppins' car and with Coppins' knowledge. Based on that evidence, the jury concluded that Coppins was guilty of the offenses charged in the indictment. Our obligation under the *Glasser* standard does not permit us to disturb the jury's verdict.

*2. Prosecutor's Argument.*—Coppins relies on the same arguments that Martin makes in support of his assertion that the prosecutor's closing argument to the jury denied him a fair trial. Since the same attorney represented both Martin and Coppins at the trial, Martin's arguments about the prejudicial impact of the disputed remark apply with equal force to Coppins. For the reasons stated above, we find no merit in this allegation.

Both of the convictions appealed from are affirmed.

AFFIRMED.