PEARSON, Judge.
The controlling question presented on this appeal is whether the rule that when circumstantial evidence is relied upon to prove guilt, it must be consistent only with guilt and must exclude every reasonable hypothesis of innocence, see Davis v. State, 90 So.2d 629 (Fla.1956), and Forbes v. State, 210 So.2d 246 (Fla. 3d DCA 1968), is applicable when the only element proved by circumstantial evidence is the intent of the defendant to participate in a crime which he did not commit, but for which he is charged as an aider and abettor.
We hold that the rule is applicable, and in the case of a defendant charged as an aider and abettor, the circumstantial evidence relied upon to show his intent to participate must be such as to preclude every reasonable inference that he did not intend to participate in the crime. Cf. Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); and Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968).
The judgment declaring K. U., a juvenile, a delinquent is reversed.
Reversed.
BARKDULL, J., dissents.