SCHWARTZ, Judge.
J.H. appeals from an adjudication of delinquency based upon the trial court’s finding that he was guilty of the crime of robbery. We reverse because the evidence was insufficient to support the finding.
The facts are simple. The victim, a Mrs. Hopkins, was seated on a bus bench when she was approached by two males. One, who was named Mack, sat next to Mrs. Hopkins; the other, the respondent J.H., stood behind the bench. Mack struggled with the victim, grabbed her purse, and then fled the scene. J.H. took no part in the actual robbery and did not even talk to Mack, either before or during its commission. After Mack had taken the purse, however, J.H. ran away with him. When they were both apprehended a short time later, J.H. voluntarily agreed to speak to the officer since he “had not done anything wrong.” His statement was simply that Mack “grabbed the purse, he [J.H.] was behind the bench, and they both took off running.”
The trial judge obviously based the adjudication on the conclusion that J.H.
*1220 was shown to have aided or abetted Mack’s actual commission of the robbery, and the state argues that this determination is supported by the record. We disagree. For one to be convicted as an aider and abetter, it must be demonstrated not only that he assisted, but that he intended to participate in the perpetration of the crime in question. E. g. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). In this case there was no direct evidence of such an intention. The circumstantial evidence upon which the state necessarily relies — that J.H. was present at the scene of the crime and fled after it had been committed — was manifestly insufficient to exclude a reasonable hypothesis of innocence and thus to permit an affirmance. K. W. U. v. State, 367 So.2d 647 (Fla. 3d DCA 1979). A long line of cases involving similar facts has established that such evidence does not exclude the reasonable inference that the defendant had no knowledge of the crime until it actually occurred, and thus that he did not intend to assist in its commission. Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, supra; Gilday v. State, 168 So.2d 205 (Fla. 3d DCA 1964). Indeed the facts in this case are, if anything, even weaker than those in Lockett and Douglas. In each of those cases the defendant was a “wheel man” who drove the actual perpetrator to or from the scene of the crime and thus actually aided in its commission; there was no such evidence here. Therefore, the record does not support a finding of guilt as to either of the indispensable elements of aiding and abetting.
The adjudication is reversed and the cause remanded with directions to discharge the respondent.
Reversed and remanded.