381 So.2d 1199 (1980)
Ronnie J. PACK, Appellant,
v.
STATE of Florida, Appellee.
No. 79-632.
District Court of Appeal of Florida, Second District.
March 28, 1980.
Jack O. Johnson, Public Defender, and Judith L. James, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Ronnie James Pack appeals his conviction for robbery with a firearm, contending that the circumstantial evidence relied upon by the State was insufficient to establish the offense. We agree and reverse.
On October 25, 1978, appellant and his brother drove to a drug store in Clearwater, Florida. While appellant waited in the truck, his brother entered the drug store and robbed it. Testimony was presented that appellant's brother left the drug store at a casual pace, much as any other customer might have. Appellant and his brother then drove away at a normal speed. Police officers, responding to a radio broadcast describing appellant's truck, spotted appellant and his brother and signaled them to pull over. Appellant's truck stopped momentarily and then sped off, fleeing from the police. The police gave chase until the *1200 truck became disabled. Appellant and his brother were both arrested and charged by information with the armed robbery of the drug store.
The uncontradicted testimony established that appellant was not the actual perpetrator of the robbery. Accordingly, he can only be convicted as a principal in the first degree as an aider and abettor. § 777.011, Florida Statutes (1977). In order to sustain a conviction under this theory it is necessary that the State prove that a crime was committed, that the defendant aided in the commission of the crime, and that the defendant had the specific intent to participate in the crime. Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978). The intent required has been defined as the intent to participate in the conduct of the perpetrator of the crime. Rosson v. State, 319 So.2d 64 (Fla. 2d DCA 1975).
Intent is not often subject to direct proof and must therefore usually be established by circumstantial evidence. Where the evidence of intent is purely circumstantial, however, the proof must not only be consistent with guilt, but it must also be inconsistent with any reasonable hypothesis of innocence. Rosson; Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). The only evidence of appellant's intent to participate in his brother's robbery of the drug store was his presence at the scene and the subsequent flight from the police. Under the circumstances of this case, this evidence was insufficient to refute other reasonable hypotheses of innocence.
It is well settled that mere presence at the scene, without more, will not establish the intent to participate in the crime. Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). That the appellant left the drug store with his brother in the truck at an ordinary speed, under circumstances which would not give rise to any suspicion on his part that any illegal conduct had occurred, and subsequently fled from the police is not enough to establish that appellant had the intent to aid and abet his brother in the robbery of the drug store. See J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979). The evidence presented does not refute the reasonable hypothesis that appellant accompanied his brother to the drug store, and knew nothing of the robbery at the time of their departure. This possible version of what took place is supported by the fact that a customer entered the drug store during the robbery and the appellant, who was waiting outside, did nothing to try to warn his brother of the customer's approach. Had there been something suspicious about appellant's departure from the drug store, we might have been inclined to reach a different result; but on the facts before us we have to agree that the circumstantial evidence did not refute all reasonable hypotheses of innocence. Although the flight from the police is strong evidence that appellant might have been an accessory after the fact, it does not show the specific intent to aid and abet. And as the brother of the principal, appellant is excluded by law from prosecution as an accessory after the fact. § 777.03, Florida Statutes (1977).
Because the circumstantial evidence relied upon by the State to prove the specific intent of the appellant failed to exclude every reasonable hypothesis of innocence, appellant's conviction must be reversed.
OTT, J., concurs.
BOARDMAN, J., dissents.