384 So.2d 966 (1980)
J.O. and R.G., Juveniles, Appellants,
v.
The STATE of Florida, Appellee.
No. 78-1908.
District Court of Appeal of Florida, Third District.
June 24, 1980.
*967 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
J.O. and R.G., adjudicated delinquent by having committed an attempted robbery, contend that the circumstantial evidence relied on by the State was insufficient to support the adjudications. We agree and reverse.
The totality of the State's evidence, viewed in a light most favorable to it, shows (a) the presence of these juveniles at the scene when a third person attempted to snatch a woman's purse, (b) their later participation in the obnoxious behavior of taunting the woman, and (c) their flight upon the arrival of a police car. The juveniles did not touch the victim, nor did they say or do anything to assist the perpetrator in his efforts to take the purse.
Since the evidence of the intent of the juveniles to participate in the commission of the crime is entirely circumstantial, it must not only be consistent with guilt, but also inconsistent with any reasonable hypothesis of innocence. Pack v. State, 381 So.2d 1199 (2d DCA 1980); K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA 1979). Neither presence at the scene, Pack v. State, supra; Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978), nor flight from the scene, Pack v. State, supra; J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979); Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968), nor other equivocal after-the-fact behavior, Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968), is sufficient, even in combination with each other, to exclude reasonable hypotheses of innocence.
Reversed.