SCHWARTZ, Judge.
J.L.B. appeals from an adjudication of delinquency arising from a determination that he was guilty of grand theft. We reluctantly reverse on the holding that this finding is not supported by the record.
This is another in the apparently endless series of cases involving the legal sufficiency of the evidence to link the particular defendant or juvenile respondent with a crime perpetrated by another. In this instance the issue arises in the following simple and all-too-familiar context. The victim was entering her vehicle in a parking lot in the city of Miami when she saw two juveniles, one of whom was J.L.B., heading towards her car. After she was seated, and while she was talking to a passenger, one of the boys — she could not say which one— reached through the window and grabbed a chain and medallion from her neck. Both boys immediately fled the scene. J.L.B. was found soon afterwards hiding under a bus.
Since no one could identify the one juvenile who took the jewelry, it must of course be assumed that it was not the present appellant. K. W. U. v. State, 367 So.2d 647 (Fla. 3d DCA 1979), cert, denied, 378 So.2d 349 (Fla.1979). J.L.B. could be found *762 guilty, therefore, only as an aider or abettor of the thief. That conclusion may not lawfully be drawn from the evidence. To reverse the order of emphasis we gave to the elements of aiding and abetting in J. JET. v. State, 370 So.2d 1219, 1220 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980), such a finding requires not only that the defendant intended to assist in committing the crime, but that he in fact participated or aided in its perpetration. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933). In this case, even assuming the adequacy of the evidence concerning J.L.B.’s evil intent,[1] a point we need not decide, there is no showing that he carried out that intent by actually doing anything which assisted his companion in the offense.[2] It is a “basic premise of Anglo-American criminal law .. . that no crime can be committed by bad thoughts alone. Something in the way of an act . .. is required too.” W. LaFave & A. Scott, Handbook on Criminal Law, § 25, at 178 (1972). So far as this record demonstrates, J.L.B. simply walked to the car along with an acquaintance, stood there while the crime took place, and ran off after it occurred. This is simply insufficient to establish the overt assistance or participation which is required to justify an adjudication as an aider and abettor. D. M. v. State, 394 So.2d 520 (Fla. 3d DCA 1981); P. R. v. State, 389 So.2d 1078 (Fla. 3d DCA 1980); J. O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980); J. H. v. State, supra (alternative holding), and cases cited. Under the law we are bound to apply, see, D. M. v. State, supra; Ruiz v. State, 388 So.2d 610, 613 (Fla. 3d DCA 1980), review denied, 392 So.2d 1380 (Fla. 1981), J.L.B. must be discharged.
Reversed.

. On the intent issue, the case is arguably distinguishable from J. H. v. State, supra, on the grounds that, in this case, the two boys were seen together walking directly towards the victim and the scene of the offense (which was not on a public sidewalk) before it was committed, and that, unlike J.H., the respondent here did not immediately cease his flight and inform the person who apprehended him that he had done nothing wrong.

. Compare the holdings in Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972), and Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968), where the defendants actually assisted the perpetrator by driving him to or from the scene, but in which the requisite showing of advance knowledge and intent was not present.
It may be observed that the actual participation element is much more difficult to prove when, as in the numerous juvenile cases, including this one, in which the issue has presented itself in this court, the offender and his alleged accomplice are on foot.