FERGUSON, Judge.
G.C., a juvenile, was adjudicated delinquent as an aider and abettor to attempted burglary.
Accepting all of the evidence in a light most favorable to the state at best there is proof that (1) G.C. knew that Delgado was going to burglarize an apartment, (2) G.C. followed Delgado to the scene of the crime, (3) G.C. stood back at least fifteen feet and watched Delgado remove jalousie glasses from the window of the apartment. The evidence before the court is less than 'that necessary to prove that G.C. aided and abetted in the attempted burglary.
In order for one person to be guilty of a crime physically committed by another under Section 777.011, Florida Statutes (1979), it is necessary that he not only have a conscious intent that the criminal act shall be done, but further requires that pursuant to that intent he do some act or say some word which was intended to and which did incite cause, encourage, assist or induce another person to- actually commit the crime. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978).
The state implores that the necessary elements of intent and act may be inferred — because G.C. knew that Delgado was going to commit a crime and was present during Delgado’s attempt, it is established beyond and to the exclusion of any reasonable doubt that G.C. was a “lookout”. Where two or more inferences must be drawn from the direct evidence, then pyramided to prove the offense, the evidence lacks the conclusive nature necessary to support a conviction. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923). Presence at the scene, without more, is not sufficient to establish either intent to participate or act of participation. J.L.B. v. State, supra; J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979). Mere knowledge that an offense is being committed is not equivalent to participation with criminal intent. See, e.g., United States v. Martin, 533 F.2d 268 (5th Cir. 1976). Knowledge that a crime is going to be committed and presence at the scene, without more, is generally insufficient to establish aiding and abetting. See, e.g., Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919, 925 (1949); Baker v. United States, 395 F.2d 368 (8th Cir. 1968); Ramirez v. United States, 363 F.2d 33 (9th Cir. 1966).
Reversed with instructions to discharge the juvenile.