HENDRY, Judge.
The order of the trial court withheld adjudication of delinquency and placed appellant in a community control program. Because our review of the record in this case convinces us that the evidence failed to negate every reasonable hypothesis of innocence, we hold that the trial court erred in denying the juvenile’s motion for judgment of acquittal and reverse the decision with directions to discharge the juvenile.
Testimony at the adjudicatory hearing disclosed that J. J., along with another boy, “Mickey Mouse”, and two girls, accompanied Susan Wellman to her home several times one weekend while her mother was out of town. On the second visit, Susan saw Mickey Mouse put a gun from her mother’s night table'into his sock. Susan told the boy to leave and replaced the gun in a drawer with a second gun and some jewelry. After the youths’ final visit to the house on Monday morning, Susan discovered both guns and the jewelry missing. Several days later J. J. and his parents appeared at the police station at which time J. J. admitted knowledge of the crime to police, but claimed he was simply present while the other boy took the property. The only evidence linking J. J. with the robbery was testimony by the Wellman’s housekeeper that J. J. had pointed a gun at her on the second visit to the house and the fact that J. J.’s mother turned one of the guns over to the police the day after J. J. made his statement.[1]
The law is well settled that where evidence of intent to participate in commission of a crime is entirely circumstantial, the evidence must be consistent with guilt and exclude every reasonable hypothesis of *642 innocence. Thomas v. State, 374 So.2d 508 (Fla.1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980); P. R. v. State, 389 So.2d 1078 (Fla.3d DCA 1980); K. W. U. v. State, 367 So.2d 647 (Fla.3d DCA), cert. denied, 378 So.2d 349 (Fla.1979). Appellant’s mere presence at the scene, Pack v. State, 381 So.2d 1199 (Fla.2d DCA 1980), his handling of the gun, and his mother’s return of the firearm are insufficient to eliminate a reasonable hypothesis of innocence. See J. L. B. v. State, 396 So.2d 761 (Fla.3d DCA 1981); D. M. v. State, 394 So.2d 520 (Fla.3d DCA 1981); J. O. v. State, 384 So.2d 966 (Fla.3d DCA 1980); J. H. v. State, 370 So.2d 1219 (Fla.3d DCA 1979), cert. denied, 379 So.2d 209 (Fla.1980).
Reversed.

. The defendant was not charged with aggravated assault.