PER CURIAM.
We conclude that the only evidence at the trial which was admissible against the defendant-appellant, his own statement, was insufficient as a matter of law to justify the jury finding that he was guilty of the crime of false imprisonment. Sec. 787.02, Fla.Stat. (1979); see A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). As in the cases cited, Young could, at most, properly have been convicted only of being an accessory after the fact of his co-defendant’s commission of the offense, a crime with which the appellant was not charged. See A.Y.G. v. State, supra, 414 So.2d at 1159. For this reason, the judgment under review is reversed with directions to discharge the defendant.
KAPNER, LEWIS, Associate Judge, dissents.