RYDER, Judge.
The state’s case presented below portrays a complete absence of evidence demonstrating that A.H. was the perpetrator of the offense of grand theft. Therefore, the trial court should have granted A.H.’s motion for judgment of acquittal at the close of the state’s case, and certainly should have granted such at the close of all the evidence. Failure to do so was error. R.D. v. State, 426 So.2d 1293 (Fla. 3d DCA 1983); T.M. v. State, 415 So.2d 904 (Fla.3d DCA 1982) and D.M. v. State, 394 So.2d 520 (Fla.3d DCA 1981).
Furthermore, the evidence was insufficient to justify an adjudication of delinquency based upon the premise that A.H. aided and abetted in the commission of a grand theft. J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981).
Therefore, we REVERSE and REMAND to the trial court with instructions to set aside the orders of adjudication and commitment. The trial court is further instructed to discharge A.H. from the cause.
GRIMES, A.C.J., and DANAHY, J., concur.