COBB, Judge.
The appellant Lincoln’s husband robbed a drug store and she drove him from the scene. Law enforcement officers pursued the car four miles before she stopped. She was charged with and convicted of armed robbery. She denied knowing in advance that her husband intended to rob the drug store, and claimed the flight in the car was induced by fear of her husband. At the scene of the arrest she was crying and told arresting officers, “He made me do it.” The question is the sufficiency of the evidence to sustain the robbery conviction, as opposed to a conviction as an accessory after the fact, with which she was not charged and which is not a lesser included offense of the charge. See Newkirk v. State, 222 So.2d 435 (Fla. 3d DCA 1969); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968).
A number of Florida cases have held that merely driving the perpetrator to and from the scene of the offense, absent any other incriminating involvement, is insufficient circumstantial evidence of the requisite intent to participate in the offense itself. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968).
The question, then, is whether or not the added element of flight and police pursuit of the vehicle supplies the evidentiary basis for a finding of criminal intent. In an analogous factual situation in A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982), this question was answered in the negative. Therein it was held:
Evidence that the defendant was present at the scene of the crime and drove the “getaway” car at the request of the perpetrator of the burglary does not exclude the reasonable inference that the defendant had no knowledge of the crime until after it occurred; thus, she did not have the requisite intent.
414 So.2d at 1159. See also Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla.1983).
As in Gains, there was no direct evidence in the instant case that Connie Lincoln had seen her husband carry a gun into the drug store; had heard him discuss his intention to commit the robbery; had been able to see the robbery in progress; or had acted as a look-out during the course of the robbery.
Despite the contrary authority from the First and Third Districts, the more logical and persuasive view is that driving a getaway car in an elusive manner in an attempt to avoid the police creates a prima facie case from which the finder of fact at trial may properly infer complicity in intent to commit the crime. On that basis we affirm, but certify direct conflict with the decisions in A.Y.G. and Gains pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv).
AFFIRMED.
*29 ORFINGER, C.J., concurs.
DAUKSCH, J., concurs specially with opinion.