HENDRY, Judge.
Appellant, a juvenile, appeals from an adjudication of delinquency arising from a determination that he was guilty of burglary, in violation of section 810.02, Florida Statutes (1983).[1]
The evidence at the adjudicatory hearing revealed that the alleged burglary took place at the Moores’ home, which had a fenced-in yard.[2] Donald Moore was home *509 on the afternoon the incident occurred and heard noises of breaking glass. When he looked out of the house he saw one person but could not see his face. He then heard someone go to the back door, knock on it and pull on the door’s handle. He heard more glass breaking and called the police. He then yelled, “Hey, who is that?” and the intruder left.
The Moores’ neighbor testified thereafter and stated that on the same afternoon he observed two boys go up to “the back of the door” of the Moores’ home. He also said that he saw them “messing around with the windows.” The appellant was then identified as one of the “boys.” The witness, when asked to tell the court exactly what he saw the appellant doing, stated, “he was trying to get them [windows] out.” On cross-examination, the witness said he had seen two boys at the window and that he saw the “other boy” with the window. On re-direct examination the witness indicated that when the “other boy” was touching the window, the appellant was standing behind him.
Next to take the witness stand was the investigating officer. The officer testified that the appellant freely and voluntarily made the statement that he was at the Moores’ home because A.T., the “other boy,” “asked him to go there and assist in the burglary.” The state then rested. The appellant moved for a judgment of acquittal, which motion was denied. The appellant was thereafter adjudicated delinquent as charged.
On appeal appellant argues that this set of facts is identical to those in G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981), wherein the evidence sustaining the conviction of aiding and abetting in the attempted commission of burglary was found to be legally insufficient. In G.C., the juvenile knew of his companion’s intent to commit a burglary and followed him to the crime scene, but stood 15 feet back and watched his companion remove the jalousie window of an apartment. This court held that the juvenile’s mere presence at the scene with the knowledge that a crime was to be committed was insufficient to establish aiding and abetting.
The state asserts that the appellant’s admission proved, at the very least, his intent to assist his friend in the commission of the crime. That the appellant acted overtly to aid in the commission of the crime, the state argues, was shown by proof of appellant’s initial trespass onto the Moores’ property, coupled with the witness’s observation of appellant “messing around with the windows” at the back of the Moores’ home. The state suggests that a factual inference arose that the appellant had previously attempted to remove the window when observed by the witness prior to the witness’s observation of the other boy “with the window.” We agree with the state’s assertions and affirm the adjudication of delinquency.
For one to be convicted as an aider and abettor it must be demonstrated not only that he assisted, but that he intended to participate in the perpetration of the crime in question. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933). Stated in another way, there are two essential conditions which must be met to result in the status of aider and abettor. An aider and abettor is one who has the intent that the crime be committed and who, by acts or words, assists or encourages another in the actual commission of the crime. Ryals v. State, supra; Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). While we are well aware of the long line of cases which establish that mere presence at the scene of the crime does not exclude the reasonable hypothesis that the defendant had no knowledge of the crime until it actually occurred and thus, did not intend to assist in its commission,[3] and those which establish *510 that mere presence at the crime scene and mere knowledge of the crime to be committed, without more, does not eliminate the hypothesis that the defendant stopped and refused to act or participate in the commission of the crime, and thus, did not assist,[4] we conclude that this juvenile offender went beyond merely being present at the crime scene with knowledge of the crime to be committed. Here, the appellant admitted that he was at the crime scene to assist his companion in the burglary and he was seen at the back of the home “messing around with the windows.” Given this set of circumstances, we believe that the two elements necessary to establish appellant’s guilt as an aider and abettor have been satisfied. Ryals v. State, supra; Chaudoin v. State, supra.
When a defendant moves for a judgment of acquittal he admits all facts in the evidence adduced and every conclusion favorable to the state reasonably inferable therefrom. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976). Applying to the instant case the rule that a motion for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted under which a jury could legally find a verdict of guilty, Lynch v. State, 293 So.2d 44, 45 (Fla.1974), we accordingly affirm the order under review.[5]
Affirmed.

. § 810.02(1) provides, in pertinent part: “Burglary” means entering or remaining in a structure or a conveyance with the intent to commit an offense therein....

. § 810.011(1), Fla.Stat. (1983), provides that "Structure” means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
The "curtilage” has been defined as the area surrounding any building. Sealey v. State, 379 So.2d 430 (Fla. 2d DCA 1980); Greer v. State, 354 So.2d 952 (Fla. 3d DCA 1978).

. E.g., Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968); and Gilday v. State, 168 So.2d 205 (Fla. 3d DCA 1964), wherein the defendants actually drove or accompanied the perpetrator to or from the scene of the crime.

. E.g., Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983); Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982); G.C. v. State, supra; J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981).

. We note that proof of the stealthful entry into the curtilage of a building has been found sufficient to constitute the offense of burglary of a structure located on the premises. Tobler v. State, 371 So.2d 1043 (Fla. 1st DCA), cert. denied, 376 So.2d 76 (Fla.1979); DeGeorge v. State, 358 So.2d 217 (Fla. 4th DCA 1978); Greer v. State, 354 So.2d 952 (Fla. 3d DCA 1978).