460 So.2d 1024 (1984)
IN THE INTEREST OF A.R., a Child.
No. 84-616.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
A.R., a child, appeals from his conviction of burglary of a structure and of loitering and prowling.
Between 10:00 and 11:00 P.M., two police officers observed appellant and another individual walking in a high crime area in downtown Fort Lauderdale. The police officers testified that appellant and his companion walked through the area in a suspicious manner. On at least two occasions the officers observed appellant standing on the sidewalk watching traffic while his companion entered a car lot, peeked into car windows and tried the car doors. Appellant's companion testified that he needed a tire iron and that when he saw one beyond a fence which he could not reach, he jumped over the fence and took it. He testified that appellant had nothing to do with him taking the tire iron. Appellant was charged and found guilty of burglary of a structure and of loitering and prowling.
Appellant argues that, assuming he knew that his companion was looking for a tire iron, his mere presence on the sidewalk without doing any act to assist does not present sufficient evidence to convict him of aiding and abetting a burglary. In support of this argument he cites Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983) wherein this court quoted with approval from A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982):
It is well established that to be convicted as an aider and abettor, the state must show an intent to participate in the perpetration of the crime. J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980). Where there is no direct evidence of intent, the circumstantial evidence relied upon to show such an intent must be such as to *1025 preclude every reasonable inference that the defendant did not intend to participate in the criminal activity. K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979).
Id. at 1158-59. As proof of intent, appellee relies upon the police officers' testimony that they observed appellant and his companion going from one car lot to another and that appellant watched all pedestrian and vehicle traffic that came near while his companion checked vehicles in the car lots. Appellee also cites testimony that appellant acted as a "lookout". Appellee has misstated the record. The trial court sustained appellant's objection and granted his motion to strike that portion of the police officer's testimony which described his actions as a "lookout."
Construed in a light most favorable to the State, this evidence establishes no more than appellant's presence at the scene and knowledge of his companion's intent to commit a crime.
Presence at the scene, without more, is not sufficient to establish either intent to participate or act of participation. J.L.B. v. State, [396 So.2d 761 (Fla. 3d DCA 1981) supra; J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979). Mere knowledge that an offense is being committed is not equivalent to participation with criminal intent. See, e.g., United States v. Martin, 533 F.2d 268 (5th Cir. 1976). Knowledge that a crime is going to be committed and presence at the scene, without more, is generally insufficient to establish aiding and abetting. See, e.g., Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919, 925 (1949); Baker v. United States, 395 F.2d 368 (8th Cir.1968); Ramirez v. United States, 363 F.2d 33 (9th Cir.1966).
G.C. v. State, 407 So.2d 639, 640 (Fla. 3d DCA 1981).
We find no merit in appellant's argument that the State presented insufficient evidence to convict him of loitering and prowling. Therefore we affirm the conviction of loitering and prowling, and reverse the conviction of burglary of a structure.
AFFIRMED IN PART and REVERSED IN PART.
LETTS and WALDEN, JJ., concur.