467 So.2d 796 (1985)
J.W., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-469.
District Court of Appeal of Florida, Third District.
April 23, 1985.
*797 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds and Carolyn Snurkowski, Asst. Attys. Gen., for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
J.W., a juvenile, appeals from an adjudication of delinquency arising from a determination that he was guilty of criminal mischief, burglary and possession of burglary tools.
The issue in this appeal is whether the state adduced sufficient evidence to establish that appellant was an aider and abettor to the offenses charged. The facts, briefly stated, were as follows. After Vivian Taylor parked her car at her sister's house and went inside, appellant and another individual were observed standing next to the driver's side of Taylor's car. Appellant and the other individual were by the car when the driver's window was smashed. One individual was observed leaning into the car while the other was seen standing with his hand on the front of the automobile, looking toward the house. When occupants of a nearby house came out, the appellant and the other person ran away. No one at the adjudicatory hearing could identify which individual had broken the window, or who had leaned into the window. After the state offered this evidence, it rested its case. The appellant then moved for a judgment of acquittal, which motion was denied. He was thereafter adjudicated delinquent.
Since no one at the hearing could identify who broke the window or leaned into the window, it must be assumed it was not the appellant. J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979). Appellant could then only be found guilty of the offenses charged if he acted as an aider and abettor. For appellant to be guilty as an aider and abettor, the state must prove that he had an intent to participate in the criminal act and rendered assistance to the actual perpetrator of the crime. N.W. v. State, 10 FLW 645 (Fla. 1st DCA Mar. 14, 1985); A.R. v. State, 460 So.2d 1024 (Fla. 4th DCA 1984); T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA 1984); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981); J.L.B. v. State, 396 So.2d at 762; Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980).
Appellant contends that the state's only evidence against him is that he was present at the scene of the commission of a crime and that he fled therefrom. He contends the state offers no evidence that he assisted in the perpetration of a crime or that he had the intent to join in the crime. We agree with appellant's assertions.
Where the state relies on circumstantial evidence to establish the accused's assistance and intent to participate, it is necessary for the state to exclude every reasonable hypothesis of innocence. Jaramillo v. State, 417 So.2d 257 (Fla. 1982); McArthur v. State, 351 So.2d 972 (Fla. 1977); Davis v. State, 90 So.2d 629 (Fla. 1956); Pack v. State, 381 So.2d at 1200; Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). This the state has not done.
The state has not excluded the reasonable hypothesis that the appellant was merely a witness to the crime. Presence at the scene of the offense and flight from the scene is legally insufficient to establish appellant's guilt as an aider and abettor. J.L.B. v. State, 396 So.2d at 762; D.M. v. State, 394 So.2d 520 (Fla. 3d DCA 1981); J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d at 1200; J.H. v. State, 370 So.2d at 1220. Therefore the order of adjudication and commitment is reversed and the case remanded with directions to discharge the appellant.
Reversed and remanded.