ON MOTION FOR REHEARING
PEARSON, TILLMAN (Ret.), Associate Judge.
The State, in its motion for rehearing, has correctly pointed out that the opinion *94 first released on this appeal relied in part upon the decision of this court in S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1983). On the same date as the release of this court’s opinion in the instant case, the Supreme Court of Florida handed down its decision in State v. S.L.W., 465 So.2d 1231 (Fla.1985), quashing the decision of this court in S.L.W. v. State, supra.
Accordingly, the opinion of this court first released is withdrawn, and this opinion is substituted therefor.
This juvenile defendant was found guilty of burglary and committed to the custody of the Department of Health and Rehabilitative Services. We reverse upon authority of Morgan v. State, 355 So.2d 149 (Fla. 1st DCA 1978), and J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981).
The record reveals that the only evidence to connect this defendant to the burglary was the testimony of a security guard who observed N.W. and two other black males walk past the department store, which was later burglarized, and then turn around. The guard testified that appellant stood approximately six feet behind the other two males when they went to the glass door of the store and broke the door. The guard then testified that appellant walked out into the parking lot and stood there. The security guard then apprehended appellant, who at no time entered the store.
The trial judge recognized the insufficiency of the evidence at this point and so stated. However, he found that appellant had incriminated himself by two statements: first, to the security guard, that he didn’t want to take the rap; and, second, to a police officer after he had been placed in the patrol car and read his Miranda rights, that he didn’t want to take the rap himself. The police officer testified as follows: “He made the statement that he wasn’t going to take the rap by himself and identified the two other people that went into the store.”
The trial judge denied the motion for judgment of acquittal and entered the order of adjudication. The ambiguous statement to the security officer does not take this case out of the purview of the rule that for one to be convicted as an aider and abettor it must be demonstrated not only that he intended to participate but that he assisted in the perpetration of the crime in question. J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979).
Accordingly, we hold that the trial judge erred in denying defendant’s motion for discharge. The order of adjudication and commitment is reversed and the case remanded with direction to discharge appellant.
The State’s petition for rehearing is directed to this opinion and, except as noted, is denied.
BOOTH and SHIVERS, JJ., concur.