PER CURIAM.
C.L.A., a juvenile, appeals from an adjudication of delinquency based on a finding that he was guilty of aiding and abetting the commission of grand theft. We affirm upon a holding that the circumstantial evidence presented, including the testimony of the store’s security chief that he observed C.L.A. acting as the “spotter” for his companion by questioning the store clerk so as to distract the clerk’s attention and looking over his shoulder for other persons who might be watching while his companion pried open a jewelry display case and removed certain items of jewelry, excluded the hypothesis that C.L.A. was merely a witness to the crime and was sufficient to establish his intent to participate and his rendering of assistance to the perpetrator of the offense. Cf. J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1986) (juvenile’s mere presence at scene of offense and flight therefrom legally insufficient to establish participation as aider and abettor); In re A.R., 460 So.2d 1024 (Fla. 4th DCA 1984) (in absence of police officer’s stricken testimony that juvenile acted as “lookout,” evidence insufficient to show juvenile committed offense of burglary of structure); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981) (juvenile’s knowledge that crime was going to be committed and mere presence at scene of crime generally insufficient to establish aiding and abetting). See generally Kaufman v. State, 429 So.2d 841 (Fla. 3d DCA 1983); Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980).
Affirmed.