DANAHY, Judge.
Chapter 489, part I, Florida Statutes (1985), governs the licensing of construction contractors. Section 489.129(1) authorizes the Construction Industry Licensing Board (the Board) to impose sanctions (including revocation of license) upon any contractor who is found guilty of certain acts, including, in subparagraph (e), “aiding or abetting any uncertified or unregistered person to evade any provision of this act.” The Board found the appellant (Blume) guilty of the conduct proscribed in section 489.129(l)(e) and reprimanded him. Blume appeals; we reverse.
The facts as found by the hearing officer are undisputed for the purpose of this appeal. Blume is a state certified class A contractor qualified to do air-conditioning contracting. He is principal shareholder and qualifying agent for BCH Mechanical, Inc. (BCH).
In 1983 BCH contracted to provide heating, ventilation and air-conditioning equipment to stores in a retail mall under construction in Dade County. The labor relations situation on the project required that BCH use employees affiliated with the pi-pefitter’s union on a portion of the work. BCH did not have a collective bargaining relationship with the union. Therefore, Blume and BCH decided to subcontract the work. Blume consulted with employees of another company working at the mall. They referred Blume to three other companies who were then also working at the mall. After contacting all three companies and receiving their bids, Blume arrived at a decision to contract with the lowest bidder, a Mr. Richard Hahn doing business as Tem-prite Air Conditioning and Refrigeration, Inc. Prior to subcontracting with Hahn, Blume inquired of Hahn whether Hahn was licensed. Hahn responded that he was licensed. Blume then entered into a subcontract with Hahn and Hahn proceeded to perform accordingly. As it turned out, Hahn did not hold the required contractor’s license.
These events led to the filing of a complaint against Blume by the Department of Professional Regulation (the Department) alleging that Blume had violated, among others, section 489.129(l)(e). A hearing was held and the hearing officer filed his recommended findings of fact and conclusions of law. He found as a fact that Blume could easily have checked whether Hahn had the required contractor’s license, but concluded as a matter of law that this omission on Blume’s part did not constitute a violation of any provision of section 489.-129(1). The hearing officer recommended that an order be entered finding no violations by Blume as alleged, and dismissing the Department’s complaint.
The Department took exception to the hearing officer’s conclusion of law that Blume’s failure to verify whether Hahn had a license did not constitute a violation of section 489.129(l)(e). Specifically, the Department took the position that by failing to verify Hahn’s license, Blume was guilty of “aiding or abetting any uncerti-fied or unregistered person to evade any provision of this act.” While recognizing that chapter 489 does not specifically require a licensee to verify that one with whom he contracts is licensed to do the work, the Department argued that the law does penalize such a contractor if he does not assure himself that the subcontractor is licensed and it subsequently turns out, as in this case, that the subcontractor is not correctly licensed to do the work. The Board accepted the Department’s exception *882 to the hearing officer’s recommended report and found Blume guilty of violating section 489.129(l)(e). On that basis, it reprimanded Blume.
We disagree with the Department’s position that, under the facts of this case, Blume’s failure to verify that Hahn had a proper license renders Blume guilty of “aiding or abetting” Hahn in Hahn’s performance of unlicensed work. We base that conclusion on the legislature’s use of the words “aiding or abetting.” Those words have acquired a well understood meaning in the context of criminal law. For one to be convicted as an aider or abettor, it must be demonstrated not only that he assisted, but that he intended to participate in the perpetration of the crime in question. J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978).
Had the legislature desired to make a contractor strictly liable for subcontracting with an unlicensed contractor, it could easily have so provided. However, it chose to use the words “aiding or abetting.” As applied to this case, those words mean that in order for Blume to be found guilty of aiding or abetting, there must be evidence establishing not only that he made it possible for Hahn to perform unlicensed work, but that he intended that such unlicensed work be performed. We hold that as a matter of law, a contractor’s failure to verify a subcontractor’s license, standing alone, is an insufficient basis for finding the intent required to make one an aider or abettor.
Having found that the Board erroneously interpreted section 489.129(l)(e), we set aside the Board’s amended final order and remand with directions that an order be entered in accordance with the recommendations of the hearing officer. Sec. 120.-68(9), Fla.Stat. (1985).
SCHEB, Acting C.J., and HALL, J., concur.