549 So.2d 225 (1989)
M.F., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-537.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.
PER CURIAM.
M.F. appeals from a finding of guilt and an order withholding adjudication and imposing a term of community control following the trial court's denial of his motion for judgment of acquittal. For the following reasons, we reverse.
M.F. was charged with grand theft and burglary of a conveyance. At the adjudicatory hearing, the state presented evidence that a City of Miami police officer, responding to a report that a car was being stripped, had found a partially stripped Cadillac in an area "where they normally strip cars" and had seen M.F. and another male quickly leave the area. M.F. was apprehended several blocks away; he stated that he had done nothing wrong, had been "watching the other kids strip the car," and had not been involved in the car-stripping. Upon this evidence, the trial court denied respondent's motion for judgment of acquittal and, in doing so, committed reversible error.
"Where the state relies on circumstantial evidence to establish the accused's assistance and intent to participate, it is necessary for the state to exclude every reasonable hypothesis of innocence." J.W. v. State, 467 So.2d 796, 797 (Fla. 3d DCA 1985) (citations omitted). Here, the state did not exclude the reasonable hypothesis that M.F. was merely an onlooker. "Presence at the scene of the offense and flight from the scene is legally insufficient to establish appellant's guilt as an aider and abettor." Id. Because the state failed to exclude every reasonable hypothesis of innocence and failed to prove that M.F. participated *226 or aided in perpetrating the crime, see J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981), we reverse.
Reversed.