GRIFFIN, Judge.
This is the appeal of the adjudication of guilt of a juvenile for petit theft.
Appellant was arrested on October 24, 1988 and charged with theft of a bicycle. At the adjudicatory hearing, the principal witness for the state was a neighbor of the victim. According to his testimony, the appellant and two other boys entered the victim’s neighborhood on bicycles around noon on October 24, 1988 and rode by the victim’s house. W.C., one of the boys, then turned around and rode back towards the victim’s house, discarded his bicycle, entered the victim’s premises and took the bike. As he left the victim’s premises, he was confronted by the neighbor, whereupon he dropped the bike and ran off.
The neighbor further testified that the appellant was with another boy down the street about a block from the house when the incident occurred, in sight of W.C., and that they were riding their bicycles in figure eights. Over vigorous objection by the defense, he was further permitted to testify that appellant and the other boy were acting as “lookouts” for W.C.
*926 We reverse the conviction for petit theft because the testimony by the neighbor that T.C. was a “lookout” was improper opinion evidence and should not have been admitted. § 90.701, Fla.Stat. (1987). See Knight v. State, 512 So.2d 922, 929 (Fla.1987); In re A.R., 460 So.2d 1024, 1025 (Fla. 4th DCA 1984). The remaining evidence was insufficient to support the finding of guilt. See J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1985); C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985).
REVERSED.
COBB and PETERSON, JJ., concur.