BARKETT, Chief Justice,
dissenting.
I would accept jurisdiction in this case based on conflict with State v. Law, 559 So.2d 187 (Fla.1989). As Judge Kahn pointed out in his dissenting opinion below:
In the present case, the state relied entirely upon circumstantial evidence to prove intent. Accordingly, the majority looks to Law, supra, the supreme court’s recent enumeration of the “special standard of review of the sufficiency of the evidence” where conviction is based entirely upon circumstantial evidence. The standard established in Law, however, requires as a procedural threshold that the state “introduce competent evidence which is inconsistent with the defendant’s theory of events.’’ While setting out this legal principle in its opinion, the majority fails to heed it.
586 So.2d at 448 (Kahn, J., dissenting) (citations omitted). Thus, although the majority below articulated the correct standard, the court did not apply that standard consistent with precedent in this area.
I agree with Judge Kahn that the State failed to exclude, beyond a reasonable doubt, the reasonable hypothesis of A.B.G.’s innocence raised by the defense. See, e.g., C.P.P. v. State, 479 So.2d 858, 859 (Fla. 1st DCA 1985); J.W. v. State, 467 So.2d, 796, 797 (Fla. 3d DCA 1985); In re A.R., 460 So.2d 1024, 1025 (Fla. 4th DCA 1984); G.C. v. State, 407 So.2d 639, 640 (Fla. 3d DCA 1981).
SHAW and KOGAN, JJ., concur.