PER CURIAM.
L.J.S. appeals a juvenile probation order withholding adjudication which was entered after he was found guilty of burglary of a conveyance and second-degree misdemeanor criminal mischief. We reverse.
The State tried this juvenile case at the adjudicatory hearing with only two witnesses. First, the State called the victim. She stated that her 1991 Nissan Altima was in good condition when she last saw it on June 20, 2004, at 3 p.m. Her boyfriend drove the car to the Tampa Park Apartments, where she next saw the car the following morning at approximately 6 a.m. The back window had been broken and wires had been pulled out from under the dashboard. She had no further knowledge about this apparent burglary of a conveyance and criminal mischief.
The State then called a police officer who was one of several to investigate the burglary of this woman’s car. When he arrived on the scene at approximately 4:40 a.m., L.J.S. was already detained. He talked to L.J.S. after reading him his Miranda[1] rights. The officer testified that L.J.S. “indicated” that he and a friend “served as lookouts” while two other unknown individuals from the apartment complex broke into the car and tried to steal it. The officer did not ask L.J.S. to explain what he meant by serving as a “lookout.”
The officer had no evidence about the identities of the actual perpetrators of this crime. There were no eyewitnesses other than L.J.S. There is no evidence that L.J.S. ever entered or even touched this vehicle. Technically, the State never proved that the vehicle at the scene the officer investigated was the victim’s vehicle, and thus the State did not prove the allegations of the petition for delinquency.
More significantly, L.J.S. testified that he and his friend were standing on a nearby corner when the two unknown men broke into the car. He claimed his friend used the word “lookout,” but that in any event he was not a participant in the burglary.
There is no evidence that L.J.S. ever talked to the unknown burglars and agreed to be their lookout. It is undisputed that L.J.S. never issued a warning to the burglars. From the record, it is not clear the burglars even realized that L.J.S. and his friend had intentions of warning them if the need arose. Thus, the evidence establishes nothing more than the personal decision of L.J.S. to watch as other people committed a crime.
As explained in the standard jury instructions, in order to be a principal in a crime, one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime. See Fla. Std. Jury Instr. (Crim.) 3.5(A); see also Staten v. State, 519 So.2d 622 (Fla.1988); Arroyo v. State, 705 So.2d 54 (Fla. 4th DCA 1997). Simply stated, the State failed to prove that L.J.S. was a principal to burglary of a conveyance or second-degree misdemeanor criminal mischief.
At the adjudicatory hearing, defense counsel lodged a timely and specific motion for dismissal pursuant to Florida Rule of Juvenile Procedure 8.110(k). Because the State failed to establish a prima facie case in regard to either offense, the motion *953 should have been granted. Accordingly, we reverse with directions to vacate the withheld adjudication and to discharge L.J.S. from the probation imposed in regard to these offenses.
Reversed and remanded with directions.
ALTENBERND, CASANUEVA, and SALCINES, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).