STEVENSON, J.
P.D.T. appeals his adjudication of delinquency for burglary of a dwelling, arguing the evidence was insufficient to establish that he entered the home with the intent to commit an offense therein. We agree.
Viewed in the light most favorable to the State, at the time that P.D.T. made his motion for judgment of dismissal, the evidence at trial established that (1) the owners of a residence on Meadow Wood Drive returned home from vacation to find empty beer bottles, spilled drinks, a bong, burn holes in the furniture, and burned drapes in their home; (2) without the consent or permission of the owners, A.S. had thrown a party in the home during the owners’ absence; (3) there were about fifteen kids at the party, including P.D.T., and all of the kids were aware that they were in the home without the permission of the owners; and (4) P.D.T. was smoking marijuana and drinking beer during the party.
To prove the crime of burglary of a dwelling, the State must prove that the defendant either (1) entered the dwelling without permission and with the intent to commit an offense therein or (2) following an invited entry, remained in the dwelling surreptitiously, or after permission to remain had been withdrawn, with the intent to commit an offense therein. See § 810.02(l)(b), Fla. Stat. (2007). The “intent to commit an offense therein” is an essential element of the offense.
R.C. v. State, 793 So.2d 1078 (Fla. 2d DCA 2001), is illustrative. There, the minor defendant was charged with burglary of a dwelling after he entered a mobile home and wrote on the wall with a marker. The defendant testified that he was present when his friend Stephanie first broke into the home, but that he did not enter the home at that time. He admitted, though, that he later returned to the home and entered to visit with Stephanie. *920 He also admitted that he marked on the wall while inside the home. He insisted, however, that he had marked on the wall only as an afterthought. He testified that he had found the marker on the floor of the mobile home and denied having any criminal intent at the time of entry. The Second District reversed R.C.’s burglary conviction, holding that while it could be inferred that R.C. had knowingly entered the home without permission as he had been present when his friend broke into the home, there was no evidence establishing that, at the time he entered, R.C. intended to commit a crime in the home.
Here, as in R.C., there was evidence to support a finding that P.D.T. entered the home without permission, i.e., A.S.’s testimony. At the time of the motion for judgment of dismissal, however, there was no evidence that, at the time of such entry, P.D.T. intended to commit an offense in the home. While the State’s evidence established that P.D.T. and the others entered the home to “party” and that P.D.T. drank beer and smoked marijuana while in the home, there was no evidence that, at the time of P.D.T.’s entry, he was aware that beer and marijuana were inside the home. In the absence of such evidence, the trial court was required to grant P.D.T.’s motion for judgment of dismissal. We recognize that P.D.T. subsequently took the stand and testified that he entered the house with the intent to drink beer, a crime for a minor, see section 562.111(1), Florida Statutes (2007). Such testimony, however, is not properly considered in determining whether P.D.T. was entitled to the granting of his motion for judgment of dismissal made at the close of the State’s case. See Fla. R. Juv. P. 8.110(k) (providing for judgment of dismissal where, at the close of the State’s case, the evidence is insufficient to establish prima facie case of guilt); McDuffie v. State, 970 So.2d 312, 329 (Fla.2007) (stating that “if the State fails to present a prima facie case and the defendant makes a sufficient motion for judgment of acquittal at the close of the State’s case, the issue of the sufficiency of the evidence at that point is not waived by later introduction by the defense of evidence which supplies the missing element”); J.A.S. v. State, 920 So.2d 759, 764 (Fla. 2d DCA 2006) (applying the rule stated in McDuffie to delinquency proceedings).
Accordingly, P.D.T.’s adjudication of delinquency for the crime of burglary is reversed. As conceded by P.D.T., however, the evidence before the trial court was sufficient to sustain a conviction for trespass. The case is therefore remanded to the trial court with directions to enter a judgment adjudicating P.D.T. guilty of trespass and conduct a new disposition hearing.

Reversed and Remanded.

POLEN and KLEIN, JJ., concur.