ALTENBERND, Judge.
T.A.W. and D.B.W. each appeal orders withholding adjudication of delinquency and dispositions placing them on probation. Their petitions each allege that the two teenagers committed burglary of an occupied dwelling. The two cases were tried together, and we consolidate the two appeals for purposes of this opinion. We reverse the orders, concluding that the trial court should have granted the motions for judgment of dismissal.
■ On May 28, 2011, at approximately 9:00 p.m., these two teenagers, a girl and a boy, quietly stepped up on the front porch and approached the door of a small home owned by an elderly woman. It is undisputed that D.B.W. kicked the door. The door frame broke, and the door came open. He testified that he put his back to the door and kicked it hard with his foot. He left a footprint on the door that is consistent with his explanation.
The woman inside the small house was in the front room, but she was sitting in a day bed and was facing a television on the wall opposite the door. She may have been dozing off while watching the TV when the teenagers came to the door. There is no question that she was very startled and upset by this intrusion. Her testimony is somewhat confusing, but she believes that at least one person was at the door and that the person was a short distance inside the doorway for a brief time. Her neighbor apparently heard the noise and called out. The two teenagers ran off and were apprehended by the police a few minutes later on a nearby street.
Both teenagers testified at the trial. They testified that they were playing a “game” of knock-and-run. D.B.W. admitted that he hit the door hard with his foot, but denied that he intended to break the door or cause it to open. T.A.W. claimed that she was back from the door and was *881 merely watching the game. Both teenagers denied that D.B.W. entered the home.
The trial court did not believe that the teenagers were telling the truth about the “game” and was understandably concerned that they had frightened the elderly woman. The court withheld adjudication for burglary of an occupied structure and placed the two teenagers on probation for an indefinite period, not to exceed their nineteenth birthdays. Both teenagers appeal these rulings.
We note that it is likely the State could have charged one or both teenagers with criminal mischief, but it did not. See § 806.13, Fla. Stat. (2010). In order to prove burglary, the State had to prove that the teenagers entered the home for the purpose of committing an offense therein. See § 810.02, Fla. Stat. (2010). Burglary, of course, is a specific intent crime. See Presley v. State, 388 So.2d 1385, 1386 (Fla. 2d DCA 1980). Thus, the State must establish that, at the time of entry, the teenagers had the specific intent to commit some offense inside the dwelling. See State v. Waters, 436 So.2d 66, 69 (Fla.1983).
In many burglary cases, the defendant actually commits a theft or other crime inside the dwelling. In such a case, establishing intent is less difficult. In this case, the State emphasizes that the teenagers stepped onto the porch in a “stealthy” manner. While it is true that stealthily entering a structure can create prima facie evidence of intent to commit an offense inside the structure, we are unconvinced that the teenagers’ stealth in stepping on the outside porch, which was apparently available to the public, satisfies this statute. See § 810.07(1). This is particularly true given the very noisy manner in which the door itself was opened.
As a result, the evidence of intent in this case is completely circumstantial. In such a situation, the State was required to present proof not only consistent with its theory of the case, but also inconsistent with any reasonable hypothesis of innocence. See E.T.R. v. State, 873 So.2d 571, 572 (Fla. 2d DCA 2004); R.R.W. v. State, 915 So.2d 633, 634 (Fla. 2d DCA 2005).
The trial court never stated the offense that it believed the teenagers intended to commit inside the home. The evidence in the light most favorable to the State indicated that D.B.W. was inches inside this home for a matter of seconds. The evidence simply does not refute the reasonable explanation that the teenagers were playing an ill-advised prank that went astray. Even if the trial court did not believe this testimony, there is no other evidence to establish an intent to commit an offense at the time of entry. Under the standards described in E.A.B. v. State, 851 So.2d 308 (Fla. 2d DCA 2003), the teenagers were both entitled to a dismissal at the end of the trial.
Because trespass is a lesser offense of burglary, we have considered whether the trial court could enter similar orders on remand based on this lesser offense. See Fla. R. Juv. P. 8.110Q). Trespass requires proof that the accused entered the property “willfully.” § 810.08. There is no evidence in this record to suggest that the teenagers were trespassing when they were walking onto the front porch of this house and up to the door. From the evidence presented, and for reasons similar to those discussed above, the State did not prove that D.B.W. willfully entered the home. Instead, there is a reasonable possibility that he simply lost his balance when he was kicking on the door and accidentally stepped inside when the door broke open.
These two teenagers should be ashamed of their ill-advised conduct, but the State did not establish that the conduct rose to *882 the level of burglary of an occupied dwelling.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ, Concur.