LaROSE, Judge.
A.D., a juvenile, appeals his adjudication and the disposition of probation for burglary of a conveyance, grand theft of a motor vehicle, petit theft, criminal mischief, and trespass. See §§ 810.02(4)(b), 812.014(2)(c)(6), 812.014(3)(a), 806.13, 810.09(2)(a), Fla. Stat. (2010). A.D. argues that the trial court erred in denying his motions for judgment of acquittal. We affirm the criminal mischief, petit theft, and trespass adjudications. We reverse the adjudications for burglary and grand theft because the State failed to rebut A.D.’s hypothesis of innocence. As a result, we also remand for a new disposition hearing.
A minivan was stolen late at night from the Delara family’s property. The Delaras prominently displayed “private property” and “no trespassing” signs. Ms. Delara noticed their minivan’s lights on. She and her father went outside and saw that the minivan had crashed through a closed gate and had driven off. They also found their four-wheel all-terrain vehicle (ATV) smashed against the gate near a broken mailbox.
A deputy saw the stolen minivan speeding and swerving on and off the road. It turned onto a dirt road, hit a culvert, rolled over, and landed on the passenger side. Three youths were inside singing and moving their arms to music and making lewd gestures towards the deputy. A.D. was one of the three.
According to M.P., A.D. and K.B. were spending the night at his house. They were walking by the Delara property when M.P. saw the ATV and wanted to ride it. Without the owners’ permission, the three boys jumped over the fence onto the property.
M.P. drove the ATV into the fence; the fence fell on his leg. A.D. helped to extricate M.P. For his part, K.B. got in and started the van, drove it through the fence, picked up M.P. and A.D., and drove away. Neither M.P. nor A.D. told K.B. to stop.
I. Analysis
We review the denial of a motion for judgment of acquittal de novo. See I.M. v. State, 917 So.2d 927, 929 (Fla. 1st DCA 2005). A.D. argues that the evidence was insufficient to establish that he entered the property with the intent to commit a crime. He also argues that the State failed to show that he did more than trespass onto the property and later get into the already stolen van. A.D. contends that the circumstantial evidence did not exclude his reasonable hypothesis of innocence that his two eodefendants acted independently when M.P. wrecked the ATV and K.B. stole the van. See State v. Law, 559 So.2d 187, 188 (Fla.1989).
II. Burglary and Grand Theft of a Motor Vehicle
A.D. argues that the State’s evidence of grand theft and burglary was insufficient because K.B. took the van without A.D.’s knowledge or encouragement while A.D. was trying to remove the broken gate from M.P.’s leg. The State was required to show that A.D. aided and abetted K.B. in stealing the van. See Jacobs v. State, 396 So.2d 713, 716 (Fla.1981). Nothing in our record indicates that A.D. knew that KB. planned to steal the van. In fact, M.P. and A.D. ran away after the ATV crash; they entered the van only after K.B. had already driven it from the property.
G.C. v. State is instructive. 560 So.2d 1186 (Fla. 3d DCA 1990), abrogation on other grounds recognized by S.W. v. State, 999 So.2d 701, 702 n. 1 (Fla. 3d DCA 2008). There, the (Fla. 3d DCA 2008). There, the Third District held that merely being a passenger in a vehicle known to be stolen *70 is insufficient to support a theft charge. “Use alone ... is not enough”; theft requires the specific intent to deprive the owner of the property. Id. at 1187. “In the context of an automobile theft, [intent] would be shown, if not by aid or participation in the taking of the vehicle, then by some exercise of dominion and control over it afterwards.” Id. Because G.C. never took control of the vehicle, the court reversed his adjudication of delinquency for both theft and burglary. Id. at 1187-88.
Like G.C., A.D. entered the van after K.B. had driven it off the property. A.D. did not commit theft because he did not exercise dominion or control over the van at any point. See id. Additionally, A.D.’s after-the-crash behavior fails to establish participation in the theft. See Valdez v. State, 504 So.2d 9, 10 (Fla. 2d DCA 1986). Thus, the State failed to present evidence inconsistent with A.D.’s hypothesis of innocence that, after trespassing on the Delar-as’ property and helping M.P., he became frightened and fled, subsequently making the bad decision to enter the stolen van. The trial court should have granted A.D’s motion on the grand theft charge. See Law, 559 So.2d at 189 (“[I]f the state does not offer evidence which is inconsistent with the defendant’s hypothesis, ‘the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.’ ” (alteration in original) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974))).
The State also charged A.D. with burglary in connection with the van theft. Section 810.02(l)(b)(l), in relevant part, describes burglary as “[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter.” Indisputably, A.D. entered the van without the owner’s permission. But the State still had to prove that A.D. intended to commit a crime in the van. See Drew v. State, 773 So.2d 46, 52 (Fla.2000) (“The language of the burglary statute, as drafted by the Legislature, requires both an entry and the requisite intent to commit a crime within the conveyance.”). Because the theft charge fails, so too must the burglary charge to the extent it is based on an intent to steal the van. See G.C., 560 So.2d at 1188 (holding that because the theft charge against a juvenile passenger in a stolen vehicle failed, the burglary charge regarding the same vehicle must also fail).
To sustain the burglary charge, the State must have shown some other intent besides the theft. The State proposed that A.D. entered the van in furtherance of the ATV theft. Specifically, the State theorizes that once A.D. and M.P failed to make off with the ATV, the boys attempted to use the van to break through the gate so that they could then take the ATV. However, the evidence does not show that M.P. and A.D. knew what KB. was doing. Moreover, the fact that the boys did not retrieve the ATV contradicts the State’s theory. The trial court should have granted AD.’s motion in part, reducing the burglary charge to the lesser-included offense of trespass in a conveyance under section 810.08, Florida Statutes (2010). See D.L. v. State, 567 So.2d 5, 6 (Fla. 3d DCA 1990) (holding that a juvenile charged with burglary and theft of an automobile committed the lesser-included offense of trespass in conveyance when the State failed to show specific intent); G.C. v. State, 407 So.2d 639, 640 (Fla. 3d DCA 1981) (“Where two or more inferences must be drawn from the direct evidence, then pyramided to prove the offense, the evidence lacks the conclusive nature necessary to support a conviction.”).
*71 Accordingly, we reverse A.D.’s adjudications of delinquency for burglary and grand theft, remanding for the trial court to reduce the burglary adjudication to trespass in a conveyance.
III. Theft of the ATY
To prove A.D. guilty of theft of the ATV, the State had to show that he knowingly obtained or used the ATV with the intent to deprive the owners of their use of it, right to it, or benefit from it. A.D. could be found guilty if he participated in a common scheme to steal the ATV. See Jacobs, 396 So.2d at 716. An aider and abettor “must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist or advise another person to actually commit the crime.” R.J.K. v. State, 928 So.2d 499, 503 (Fla. 2d DCA 2006) (citing L.J.S. v. State, 909 So.2d 951 (Fla. 2d DCA 2005)).
Mere presence at the scene of the crime, knowledge of the crime, and even flight from the scene are insufficient to show that a defendant was an aider and abettor. See e.g., G.C., 407 So.2d at 640 (reversing an adjudication of delinquency of aiding and abetting in an attempted burglary when the defendant knew of the burglary plan, went to the scene with his codefendant, and stood fifteen feet back from the building as he watched his code-fendant remove a pane of the apartment’s glass window); C.P.P. v. State, 479 So.2d 858, 858-59 (Fla. 1st DCA 1985) (reversing an adjudication of delinquency for burglary and grand theft when the defendant, who knew of his codefendants’ plan to steal from a store, waited outside the store in a car with a lookout while two others committed the theft and then fled the scene in the car with the other boys). The State must demonstrate that the defendant “demonstrated a deliberate pattern of conduct” so that his actions go beyond mere presence at the scene. See T.S. v. State, 675 So.2d 196, 197-99 (Fla. 4th DCA 1996) (holding that the “appellant demonstrated a deliberate pattern of conduct” to affirm an adjudication of burglary when he and another boy were seen by a witness “zigzagging” from car to car in a parking lot at two o’clock in the morning and he stood by a car while the other boy broke into the vehicle).
To dodge A.D.’s motion for judgment of acquittal on this charge, the State had to provide evidence that (1) A.D. intended M.P. to knowingly use the ATV with the specific intent to either deprive the Delaras of or appropriate the ATV and (2) A.D. in some manner encouraged or assisted M.P. See T.J.T. v. State, 460 So.2d 508, 509 (Fla. 3d DCA 1984). The State relied on the evidence that M.P. testified that he announced to A.D. and K.B. that he wanted to ride the ATV, that all the boys then jumped over the fence onto the Delaras’ property, that A.D. helped remove the broken gate from M.P.’s leg after M.P. crashed the ATV, and A.D.’s statement to the police that “[w]e [the boys] didn’t get the four-wheeler all the way through [the fence].”
There is no evidence that A.D. said anything to encourage M.P., so, instead, we must examine A.D.’s actions. See id. at 509 (“An aider and abettor is one ... who, by acts or words, assists or encourages another in the actual commission of the crime.”). A.D.’s only action readily apparent from the record is his trespass onto the property. The State’s evidence of A.D.’s trespass, even if he had knowledge of M.P.’s plan, is insufficient to overcome the reasonable hypothesis of innocence that A.D. trespassed on the property following his friends, but refused to participate in the theft of the ATV and that M.P., *72 on his own, took the ATV and smashed it into the fence. See C.P.P., 479 So.2d at 858-59 (holding that although the defendant sat in a car with a lookout and left the scene with the perpetrators, the reasonable hypothesis existed that the defendant stopped and refused to participate). Nor does AD.’s helping M.P. free himself from the fence call for a different result; after-the-fact behavior, even when suspicious, is insufficient to establish participation. See Gale v. State, 726 So.2d 328, 830 (Fla. 2d DCA 1999) (holding that the defendant’s “questionable after-the-fact behavior” of giving guns he found in a dumpster to a friend to hide rather than reporting the incident was insufficient to establish that the defendant was part of a group who committed robberies with said firearms); Valdez, 504 So.2d at 10 (“Mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation.”).
But A.D.’s statement that “[w]e didn’t get the four-wheeler all the way through [the fence],” however, is inconsistent with A.D.’s theory of innocence. It is sufficient, competent evidence of both A.D.’s intent and participation in the theft. See T.S., 675 So.2d at 198 (“[I]t is [] clear that elements of assistance of the perpetrator and intent may be proved by a combination of surrounding circumstances.”); DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957) (en banc) (holding that evidence is competent and substantial when “the evidence relied upon to sustain the ultimate finding [is] sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached”). Therefore, the trial court properly denied the motion for judgment of acquittal regarding the theft of the ATV. See K.O. v. State, 673 So.2d 47, 49 (Fla. 4th DCA 1995) (“While mere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction, where the [S]tate presents additional evidence which contradicts the defendant’s theory of innocence, the trial court’s decision to deny a motion of acquittal must be affirmed.” (citing A.B.G. v. State, 586 So.2d 445, 445 (Fla. 1st DCA 1991); In the Interest of A.R., 460 So.2d 1024, 1025 (Fla. 4th DCA 1984)). Accordingly, we affirm AD.’s adjudications for theft of the ATV.
IV. Criminal Mischief
The State also charged A.D. with criminal mischief for the damage to the Delaras’ van, ATV, gate, and mailbox. A.D. claims that the court cannot adjudicate him delinquent for criminal mischief without specific intent because he did not commit the crimes that caused the damage. A person commits criminal mischief under section 806.13(l)(a), in relevant part, if he “willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.” A.D. is correct that intent is an essential element of the charge. See R.R.W. v. State, 915 So.2d 633, 635 (Fla. 2d DCA 2005) (“An essential element of the crime of criminal mischief is the defendant’s willful and malicious causation of damage to the property of another.”).
A.D.’s statement that “[w]e didn’t get the four-wheeler all the way through [the fence]” is sufficient, competent evidence that A.D. intended M.P. to willfully damage the gate and the ATV. See K.O., 673 So.2d at 49. However, because we have already determined that A.D. never had control of the van, and there is no evidence that he encouraged KB. to hit the Delaras’ mailbox or encouraged K.B. to crash the van, A.D. is not responsible *73 for the damage to the mailbox or the van. The State did not charge A.D. separately for each type of damage, and the trial court previously reduced the charge from first-degree to second-degree criminal mischief based on lack of proof of value. Thus, based on the State’s evidence for the damage to the gate and ATV alone, the trial court properly denied A.D.’s motion for judgment of acquittal. See id. Therefore, we affirm the adjudication for criminal mischief.
V. Conclusion
We reverse A.D.’s adjudication of delinquency for grand theft and remand for the trial court to reduce the burglary conviction to trespass in a conveyance. We affirm the remaining adjudications, but remand for a new disposition hearing.
Affirmed in part, reversed in part, and remanded.
CRENSHAW and MORRIS, JJ., Concur.