NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| K.B., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-1403 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed July 1, 2015.

Appeal from the Circuit Court for
Hillsborough County; Manuel A. Lopez,
Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elizabeth Everson,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

K.B. appeals following a withheld adjudication for burglary of an

unoccupied structure. He contends that the State failed to prove his involvement as a

principal. We agree and reverse, but we remand for a reduction of the burglary charge

to trespass.

K.B. was accused of involvement in the burglary of a portable storage unit in the fenced backyard of a vacant house. The homeowner had visited the property on the day before the crime, and the storage container was intact. At around 10 p.m. on the following evening, a neighbor was sitting outside and spied three young men walking into the victim's yard. They headed straight to the storage container. The neighbor went inside and watched from a window. He heard a "big bang" and called 911. As he waited for the police to arrive, the neighbor saw two of the intruders going in and out of the container. The neighbor saw K.B. walking back and forth but did not see him enter the container. The neighbor also did not see any of the men take anything.

After about six or seven minutes, the young men jumped over the fence and headed down the road. The police responded quickly and stopped three young men a short distance away. K.B. was in the group and was identified by the neighbor.

At the close of the evidence, K.B. moved for a judgment of dismissal. He argued that the evidence showed only his presence at the scene. The juvenile court disagreed, ruling that K.B. acted as a lookout and was therefore guilty as a principal. K.B. renews his argument on appeal.

It is well settled that "[m]ere presence at the scene of the crime, knowledge of the crime, and even flight from the scene are insufficient to show that a defendant was an aider and abettor." A.D. v. State, 106 So. 3d 67, 71 (Fla. 2d DCA 2013). Rather, to be a principal to the commission of a crime, "one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime." L.J.S. v. State, 909 So. 2d 951, 952 (Fla. 2d DCA 2005)

(citing standard jury instructions). In L.J.S., this court held that the evidence failed to show the juvenile was a principal to burglary of a car even though an officer testified to the juvenile's statement that he and a friend "served as lookouts." Id. at 952. In that case, there was no evidence that L.J.S. talked to or warned the burglars or even that the burglars knew L.J.S. and his friend were standing by. This court held that the evidence established "nothing more than the personal decision of L.J.S. to watch as other people committed a crime." Id.

Here, there was no evidence that K.B. did anything to assist in a burglary. While the neighbor said K.B. was walking back and forth outside the storage container, he did not say K.B. was looking around as if to avoid detection or was otherwise acting furtively. Neither did he recount hearing K.B. encourage the others in their endeavors. In short, the evidence proved only K.B.'s mere presence at the scene and his knowledge of his companions' actions. There was no evidence of his participation. Therefore, we must reverse the court's finding of guilt for burglary.

However, K.B. is not entitled to discharge. Trespass is a permissive lesser included offense for burglary if the elements are alleged in the petition and supported by the evidence. See L.F. v. State, 694 So. 2d 840, 840 (Fla. 2d DCA 1997); see also McKiver v. State, 55 So. 3d 646, 649 (Fla. 1st DCA 2011). Here, the allegations of the delinquency petition were sufficient to encompass the elements of trespass, and the evidence showed that K.B. made a nonconsensual entry into the fenced backyard. See § 810.09(1)(a), Fla. Stat. (2013). Accordingly, we remand for the burglary charge to be reduced to trespass and for the court to hold a new disposition hearing. See A.D., 106 So. 3d at 71.

- 3 -

Reversed and remanded with directions.


LaROSE and SALARIO, JJ., Concur.