NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

L.A.H.,                                        )
                                               )
                Appellant,                     )
                                               )
v.                                             )        Case No. 2D15-2174
                                               )
STATE OF FLORIDA,                              )
                                               )
                Appellee.                      )
_____)

Opinion filed August 17, 2016.

Appeal from the Circuit Court for Pinellas
County; Sherwood Coleman, Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        L.A.H. appeals a disposition order that places him on six months' juvenile

probation for the offense of burglary of a conveyance and asserts that the trial court

should have granted his motion for judgment of dismissal.  Because the State failed to

prove the essential element of intent, we reverse the disposition order and remand for entry of a disposition order for the lesser included offense of trespass of a conveyance.

Thomas Gahan left his Chevy Malibu in his driveway on the evening of November 13, 2014. The next morning it was gone. Over forty-eight hours later, an officer located the Malibu when the officer saw a male run from a closed business to an alleyway. As the officer approached the alleyway, he saw another male in the car. The driver saw the officer and drove off at high speed. The officer saw the car a short time later when the car, with no one in it, was approaching his patrol car. The officer jumped out of his patrol car and into the Malibu, preventing a collision.

L.A.H. was not seen stealing the car and was not identified as one of the two males the officer had seen. In the State's case, the only evidence connecting L.A.H. to the car was his fingerprints on documents located in the glove compartment. Gahan never gave L.A.H. permission to enter or remain in the car.

Defense counsel requested a motion for judgment of dismissal for the State's failure to establish intent at the time of entry into the conveyance. Defense counsel asked the trial court to grant the motion for judgment of dismissal "at least to the burglary and leaving at best a trespass to go forward on at this point." The trial court denied the motion, stating that intent could be inferred based on stealthy entry. We conclude that the trial court erred in denying the motion for dismissal on the burglary charge at the end of the State's case.

The entry of a judgment of dismissal is proper when the evidence is insufficient at the close of the State's case to establish a prima facie case of guilt. Fla. R. Juv. P. 8.110(k); E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003); P.D.T. v.

- 2 -

State, 996 So. 2d 919, 920 (Fla. 4th DCA 2008). The question here is whether the State failed to prove the prima facie elements of burglary of a conveyance. Burglary is "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." § 810.02(1)(b)(1), Fla. Stat. (2014). It is undisputed that L.A.H. entered the conveyance without the consent of the owner. At issue is the intent element of burglary.

To prove burglary, the State must establish the juvenile's intent to commit an offense at the time he enters the dwelling, structure, or conveyance. § 810.02(1)(b)(1); A.D. v. State, 106 So. 3d 67, 70 (Fla. 2d DCA 2013) (determining that the State failed to prove that the juvenile had the intent to commit an offense when he entered the conveyance); T.A.W. v. State, 113 So. 3d 879, 881 (Fla. 2d DCA 2012) (explaining that "the State must establish that, at the time of entry, the teenagers had the specific intent to commit some offense inside the dwelling"); J.J.D. v. State, 973 So. 2d 1254, 1255 (Fla. 2d DCA 2008) (determining that the State failed to show that the juvenile entered the dwelling with the intent to commit an offense inside). The State presented no evidence as to how or when L.A.H. entered the car and presented no evidence, direct or circumstantial, on L.A.H.'s intent when he entered.

In denying the motion for judgment of dismissal, the trial court stated that it could infer the requisite intent to commit a crime in the conveyance if entry was done in a stealthy manner without the owner's consent. The trial court was referring to the statutory presumption in section 810.07(1). The statute provides that in a burglary trial "proof of the entering of such structure or conveyance at any time stealthily and without

consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense." § 810.07(1); see also J.J.D., 973 So. 2d at 1255 (stating that there was no evidence that the juvenile "entered in a stealthy manner and thus triggered the presumption of intent under section 810.07(1)"); J.A.S. v. State, 952 So. 2d 638, 640 (Fla. 2d DCA 2007) (reversing adjudication when no evidence showed that the juvenile acted stealthily—"in a furtive or clandestine behavior to avoid discovery"). The State's proof that L.A.H. entered the car was based solely on L.A.H.'s fingerprints found on documents in the glove compartment. The State presented no evidence as to how L.A.H. entered the car and thus presented no evidence that the entry was stealthy.

Because the State failed to prove the essential element of intent to commit an offense at the time of entry, the trial court should have granted the motion for judgment of dismissal on the burglary charge. Therefore, we reverse the disposition order for burglary of a conveyance. Without the intent element established, and as defense counsel recognized in arguing the motion for judgment of dismissal and in closing argument, the trial court on remand shall enter a disposition order for the lesser included offense of trespass in a conveyance. See A.D., 106 So. 3d at 70-71. Because the trial court recognized at the disposition hearing that the recommendation and disposition for the misdemeanor trespass would have been the same six months of juvenile probation, no new disposition hearing is necessary.

Reversed and remanded.

CASANUEVA and KELLY, JJ., Concur.