# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1813
Lower Tribunal No. J23-1116
_____

**C.G., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender and Andrew Stanton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

C.G. appeals from a withhold of adjudication of delinquency and

probation order based upon the trial court's finding that he was guilty of the crime of burglary of a dwelling with intent to commit an assault or battery therein. We reverse.

Burglary is "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." § 810.02(1)(b)1., Fla. Stat. (2023). "To prove burglary, the State must establish the juvenile's intent to commit an offense at the time he enters the dwelling, structure, or conveyance." L.A.H. v. State, 197 So. 3d 1265, 1267 (Fla. 2d DCA 2016) (citing J.J.D. v. State, 973 So. 2d 1254, 1255 (Fla. 2d DCA 2008) (determining that the State failed to show that the juvenile entered the dwelling with the intent to commit an offense inside)).

Here, the evidence was insufficient to establish the crime of burglary where the State did not present evidence of intent to commit an offense therein when C.G. entered the yard. Still, the evidence was sufficient to support a finding that C.G. committed the necessarily lesser included offense of simple battery, and he admits as much. Accordingly, we reverse and remand for a reduction of the charge to battery and for a new disposition hearing.

Reversed and remanded with directions.